| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FROY DIAZ BRITO, | | Case No. 2:25-cv-1232-DAD-JDP (PS) |
| Plaintiff, | | |
| v. | | ORDER; FINDINGS AND RECOMMENDATIONS |
| TSA, *et al.*, | | |
| Defendants. | | |

Plaintiff brings this action against multiple federal and county defendants, purporting to allege claims under Title 18 of the United States Code and Clinical Laboratory Improvement Amendments of 1988, 42 U.S.C. 263a. The complaint's allegations are frivolous and fail to state a claim. Accordingly, I recommend plaintiff's complaint be dismissed without leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint's allegations are incomprehensible. Plaintiff alleges that a school was held captive and that the situation "originated from the interment [sic] camps of FEMA out in San Bernadino County . . . ." ECF No. 1 at 5. She then goes on to make vague references to scientific research and studying forensic psychology and "biblical forensics." *Id.* Plaintiff concludes by stating that "[a]s kids we're also being advertise[d] remotely by cyber security for examination while being tortured." *Id.*

According to the complaint, this action is brought under 18 U.S.C. §§ 1591 and 2340 and the Clinical Laboratory Improvement Amendments of 1988 ("CLIA"), 42 U.S.C. § 263a. To the extent plaintiff is attempting to state a claim under the Trafficking Victims Protection Act

1    ("TVPRA") based on a violation of 18 U.S.C. § 1591, she fails to do so. *See Doe v. Wyndham*

2    *Hotels & Resorts, Inc.*, 2025 WL 824369, *5 (S.D Cal. Mar. 14, 2025) ("To invoke the TVPRA, a

3    plaintiff must plausibly allege that she was 'a victim of a violation of this chapter.' Section 1591,

4    in turn, requires Plaintiff to establish that she was 'harbor[ed]' or 'provid[ed]' and 'cause[d] . . .

5    to engage in a commercial sex act' by 'means of force, threats of force, fraud, [or] coercion.'").

6    Plaintiff also fails to state claims for violations of 18 U.S.C. § 2340 and the CLIA since neither

7    provides for a private right of action. *See, e.g.*, *Loadholt v. Obama*, No. 2:13-cv-2607-MCE-EFB

8    PS, 2015 WL 848549, at *3 (E.D. Cal. Feb. 26, 2015) (finding no private right of action under 18

9    U.S.C. § 2340); *Belser v. Quest Diagnostics, Inc.*, No. 3:16-0972-MBS, 2020 WL 6526084, at

10   *13 (D.S.C. Nov. 5, 2020) (holding that the "CLIA does not provide for a private right of

11   action"); *Whitehead v. Edmondson*, No. 1:97CV29-S-D, 1998 WL 173226, at *5 (N.D. Miss.

12   Mar. 24, 1998) ("[T]he court finds that . . . CLIA does not provide a private right of action to

13   individuals . . . .").

14        Aside from plaintiff's failure to state a claim, her complaint is frivolous because it lacks

15   even "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (holding

16   that a complaint is frivolous if its "factual contentions are clearly baseless," "fantastic," or

17   "delusional"). The complaint should therefore be dismissed without leave to amend. *See Lopez*

18   *v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are

19   only required to grant leave to amend if a complaint can possibly be saved. Courts are not

20   required to grant leave to amend if a complaint lacks merit entirely.").

21        Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*,

22   ECF No. 2, is granted.

23        Further, it is RECOMMENDED that:

24        1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend.

25        2. The Clerk of Court be directed to close this case.

26        These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

28   service of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE